**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIMOTHY S. McLAUGHLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-355 |
| | ) | |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| SUMMIT ENTERTAINMENT LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

In this civil action, Timothy S. McLaughlin ("Plaintiff") has filed a *pro se* complaint against Summit Entertainment LLC ("Defendant") for alleged violations of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"). Plaintiff claims that Defendant violated the ADEA by refusing to hire him for a truck driver position because of Plaintiff's age. (See Amended Compl, ¶¶ 4-6, Doc. 4).

Pursuant to Federal Rule of Civil Procedure 4, a plaintiff must serve a defendant with a summons and a copy of the complaint within 120 days after the complaint is filed. Fed. R. Civ. P. 4(c)(1), (m). Unless service has been waived or is made by the U.S. Marshal, "proof of service [must] be made to the court . . . by the server's affidavit." Fed. R. Civ. P. 4(l)(1). Where service is not properly effectuated within the 120-day period, a federal district court "on motion or on its own after notice to the plaintiff" must dismiss the case without prejudice or order that service be made within a specified time. See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 12(b)(5). On October 26, 2015 the Court issued an Order to Show Cause (Doc. 6) requiring that Plaintiff demonstrate why the instant case should not be dismissed for failure properly serve

Defendant.  Plaintiff failed to respond to the Court's Order on or before the November 9, 2015 deadline.

Rule 4(h)(1) governs the manner in which a corporate defendant can be served within a judicial district of the United States.  The rule provides that domestic corporations may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant[.]"  Fed. R. Civ. P. 4(h)(1)(B).  Alternatively, a plaintiff can effectuate service upon a domestic corporation in accordance with the law of the state "where the district court is located or where services is made."  Fed. R. Civ. P. 4(e)(1); see Fed. R. Civ. P. (h)(1)(A) (authorizing service upon a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual").  Thus, for purposes of this case, Plaintiff could have properly effectuated service by complying with the methods authorized under Pennsylvania or California law.[1]

Pennsylvania permits service upon a corporation by handing a copy of process to "(1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it."  Pa. R. Civ. P. 424.  Notably, Pennsylvania Rule of Civil Procedure 403 allows service to be made outside of the Commonwealth "by any form of mail requiring a receipt signed by the defendant or his authorized agent."  Pa. R. Civ. P. 403; see also Pa. R. Civ. P. 404.  However, for purposes of Pennsylvania Rule 403, an "authorized agent" means one of the corporate agents authorized to accept service of process pursuant to Rule 424.

---

[1] Plaintiff's filing at Document 5 reflects that the destination of his attempted service was Los Angeles, California.

See Hemmerich Indus., Inc. v. Moss Brown & Co., Inc., 114 F.R.D. 31, 32 (E.D. Pa. 1987) (explaining that, while Rules 404 and 403 "establish the basic practice for service of process, reference must be made to Subpart C (Rules 420-425) of the Pennsylvania Rules on Service of Original Process and Legal Papers which provides for service upon particular parties"); see also McKinnis v. Hartford Life, 217 F.R.D. 359, 361 (E.D. Pa. 2003) (following Hemmerich Indus., supra); Quality Sales Int'l., Inc. v. Robinson Transp. Serv., 1989 WL 9352, at *1 (E.D. Pa. Feb. 7, 1989) (same). The burden is on the plaintiff to show that service has been made upon a proper agent of the corporation. Hemmerich Indus., 114 F.R.D. at 32; see also U.S. ex rel. Thomas v. Siemens AG, 708 F. Supp. 2d 505, 519 (E.D. Pa. 2010) (the party asserting the validity of service "must establish that the 'agent' had either express or implied authority to accept service and bind the principal") (citing Hemmerich Indus., 114 F.R.D. at 32); McKinnis, 217 F.R.D. at 361 ("While Plaintiff's attempt to serve an out of state defendant by certified mail was proper, Plaintiff must also show that service was made upon a proper agent of the corporation." ) (citing Hemmerich, 114 F.R.D. at 32).

California's Code of Civil Procedure similarly designates those individuals who are authorized to receive service of process on behalf of a corporate defendant. See Cal. Civ. Proc. Code § 416.10 (West 2015). These individuals include, e.g., the corporation's "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Id. at § 416.10(b).

In this case, the complaint was filed on March 17, 2015, so Plaintiff was required to effectuate service on or before July 15, 2015. Plaintiff's "proof of service" (Doc. 5), filed on

July 27, 2015, reflects that he attempted to serve Defendant via a certified mailing. As Plaintiff did not submit a domestic receipt card, it is unclear to whom he addressed the certified mailing. Attached to Plaintiff's proof of service is a United States Postal Service Tracking print-out, demonstrating that Plaintiff's mailing was delivered on July 6, 2015. As the filing lacks a domestic return receipt, there is no indication that anybody signed for the receipt of paperwork. If there was a signatory, there is no indication of his or her relationship to Defendant. In particular, it is not clear that any signatory – if there was one – is an "officer," "managing or general agent," or "any other agent authorized . . . to receive service of process" on behalf of Summit Entertainment LLC for purposes of Rule 4(h)(1)(B). Accordingly, Plaintiff has not shown that he complied with the service requirements of that Rule.

For similar reasons, Plaintiff has failed to establish that he properly served Defendant in accordance with Pennsylvania or California law. No evidence exists in the record from which the Court can determine that there was a signatory, let alone that he or she is one of the individuals specifically authorized to accept service of process on behalf of Defendant under the relevant state rules of civil procedure. See, e.g., Pearson v. Sonnet Trucking, Inc., 2012 WL 279673, at *2 (E.D. Pa. Jan. 30, 2012) (holding that service was invalid where plaintiff failed to show that employee who signed off on certified mailing had been authorized by defendants "to act as an agent for purposes of accepting service of process – as opposed to accepting certified mail deliveries – within the meaning of [Pennsylvania] Rule 403"); McKinnis, 217 F.R.D. at 361 (finding that plaintiff did not prove that service had been made on defendant's authorized agent where the court had no way of determining the type of employment, authority, or scope of duties of the employee who signed the certified mail receipt); Quality Sales Int'l, 1989 WL 9352, at *1 (holding that plaintiff failed to demonstrate compliance with Pennsylvania Rules 403 and 424

where service was made by certified mail addressed to corporate defendant and defendant's mail room clerk signed the postal receipt in the space marked "agent"). <u>Accord</u> <u>Dill v. Berquist Constr. Co.</u>, 29 Cal. Rptr. 2d 746, 751-53 (Cal. Ct. App. 1994) (holding that plaintiff did not strictly comply with California's rules of service where certified mailing was sent solely to corporate defendants rather than to individuals designated to receive service of process on defendants' behalf; plaintiff also did not substantially comply with the rules inasmuch as there was no evidence indicating that the agents who signed for the packages were authorized to accept service of process in accordance with California Rule of Civil Procedure 416.10).

In light of the foregoing, the Court finds that service of process has not been validly effectuated on the Defendant.  Because more than 120 days have passed since Plaintiff filed the Complaint, the Court "must dismiss the action without prejudice . . . or order that service be made within a specified time."  Fed.R.Civ.P. 4(m).  If the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period.  <u>Id</u>.  Here, Plaintiff has not shown good cause for his failure to make timely service inasmuch as he has not responded to the Court's Order to Show Cause.  Nevertheless, even where good cause has not been shown to exist, district courts have the discretion to consider whether dismissal of the action is inappropriate.  <u>Mathies v. Silver</u>, 450 F. App'x 219, 222 (3d Cir. 2011) (citing <u>Petrucelli v. Bohringer & Ratzinger</u>, 46 F.3d 1298, 1305 (3d Cir.1995)).  The Court of Appeals for the Third Circuit has held that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained."  <u>Umbenhauer v. Woog</u>, 969 F.2d 25, 30 (3d Cir.1992).  Here, a reasonable prospect of proper service does exist.  Although "Plaintiff has failed to comply with the technical requirements of the service rules, … there is no reason to believe that some insurmountable obstacle will prevent him from complying in the future."

<u>Vaughn v. TALX Corp.</u>, 2015 WL 3871477, at *1 n. 1 (E.D. Pa. June 23, 2015). Accordingly, the following order is entered:

For the reasons set forth above, IT HEREBY IS ORDERED that Plaintiff shall have until **December 1, 2015** to effectuate proper service on Defendant.

IT IS FURTHER ORDERED that Plaintiff has until **December 7, 2015** to demonstrate to the Court that he has effectuated said proper service on the Defendant. If no proof of proper service is filed with the Court by **December 7, 2015**, Plaintiff's Complaint will be dismissed with prejudice.


November 12, 2015                          s\ Cathy Bissoon
                                           Cathy Bissoon
                                           United States District Judge



cc:     counsel of record
        (via ECF email notification)

        TIMOTHY S. MCLAUGHLIN
        4708 Carroll Street
        Pittsburgh, PA 15224
        (via First Class U.S. Mail)